# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE SNELLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1079 AGF |
| | ) | |
| JOHN J. PAWLOSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. After providing notice to Plaintiff and an opportunity to be heard, the Court has determined that it lacks subject matter jurisdiction over the complaint.

### The Complaint

Plaintiff is well known to the Court, having filed several frivolous or otherwise non-meritorious actions here over the years.

Plaintiff brings this action under 42 U.S.C. § 1983, § 1985(2)-(3), and § 1986, and also asserts several state law claims pursuant to the Court's supplemental jurisdiction. Named as Defendants are John Pawloski, a private attorney; Richard Lecinski, a private attorney; Lawrence Wilson; Shawna Gibson-Wilson; Averyia Gibson, several John and Jane Does; Pamela Snipes; David Mason, a Circuit Court Judge; David Dowd, a Circuit Court Judge; and Mark Neill, a Circuit Court Judge.

Judges Mason, Dowd, and Neill are the only state actors named in the complaint, and Plaintiff is suing these Defendants in their official capacities.

The majority of the complaint is comprised of allegations that Defendants Lawrence Wilson, Shawna Gipson-Wilson, and Averyia Gibson let a dog onto Plaintiff's property so that it could defecate. Plaintiff also alleges that Lawrence Wilson threw empty dog food cans onto his property, which caused damage to two lawn mowers. Plaintiff further alleges that Lawrence Wilson and the John Doe Defendants vandalized and lit fire to his property in 2005 and 2006.

In 2007 Plaintiff filed suit against Lawrence Wilson and Shawna Gibson-Wilson in state court for property damages. <u>Snelling v. Wilson</u>, 0722-CC07105-01 (22nd Judicial Circuit, City of St. Louis). Defendants filed a counterclaim, which Plaintiff says is a claim for intentional infliction of emotional distress. On May 4, 2010, the state court dismissed Plaintiff's claims against Wilson and Gibson-Wilson. Wilson and Gibson-Wilson's counterclaims are still pending. Defendant Pawloski is representing Wilson and Gibson-Wilson in the matter.

Plaintiff alleges that Defendant Judge Mason presided over a motion hearing in his case on November 2, 2007, during which Judge Mason allegedly disparaged his case in open court. Plaintiff says that on March 10, 2008, Defendant Judge Dowd presided over a hearing, during which Judge Dowd allegedly "made various comments

directed towards Plaintiff's heritage as a Negro-American, reference to now president Barack Obama." Plaintiff alleges, in a conclusory manner, that Judges Mason and Dowd conspired with Pawloski to deprive him of his right to fair proceedings.

Plaintiff alleges that the counterclaim pending against him has been filed for illegitimate reasons, including to punish him for filing the case in the first place. Plaintiff's federal causes of action arise from either the filing of the counterclaim or from adverse rulings from the named judges.

## Discussion

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

1.      Review of State Court Decision

This Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). In the complaint, Plaintiff seeks review of the state court's adverse ruling. As a result, the Court does not have jurisdiction over Plaintiff's complaint.

2.    <u>Plaintiff's Federal Claims are Patently Meritless</u>

The Eighth Circuit Court of Appeals has stated:

A court does not obtain subject-matter jurisdiction just because a Plaintiff raises a federal question in his or her complaint.  If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.  Because this is a facial rather than a factual challenge to jurisdiction, [the court] determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint and drawing all reasonable inferences in favor of the Plaintiff.

<u>Biscanin v. Merrill Lynch & Co., Inc</u>. 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

Plaintiff's § 1983, § 1985, and § 1986 claims against Judges Mason, Dowd, and Neill as Defendants are legally frivolous.  Plaintiff sues these Defendants in their official capacities.  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). The State of Missouri, however, is absolutely immune from liability under the federal civil rights statutes.  <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 63 (1989).

Even if Plaintiff were to have sued these Defendants in their individual capacities, Plaintiff's allegations against them would still be meritless. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete

absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). Plaintiff is suing the Defendant judges for official actions taken in the courtroom, which were within Defendants' jurisdiction.

Absolute immunity bars not only Plaintiff's § 1983 claim for damages but also his claims for injunctive relief. The 1996 amendments to § 1983 provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983). Plaintiff, however, alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief. Plaintiff's claim for injunctive relief is therefore barred under § 1983.

Plaintiff's § 1983 claims against Defendants Pawloski, Lecinski, Lawrence Wilson, Shawna Gibson-Wilson, Averyia Gibson, Snipes, and the various John Does are legally frivolous because those Defendants are not state actors. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999) "[A] plaintiff seeking to hold a private party liable

under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." <u>Mershon v. Beasley</u>, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. <u>See</u> <u>White v. Walsh</u>, 649 F.2d 560, 561 (8th Cir. 1981); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (conclusory allegations not entitled to the assumption of truth). Here, Plaintiff fails to allege facts sufficient to give rise to the inference that any private party Defendants came to a mutual understanding with any state actors to violate his constitutional rights.

Title 42 U.S.C. § 1985(2) provides a private cause of action for the following conspiracies to deter or obstruct access to the court process or equal protection:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Plaintiff's allegations regarding Pawloski, Lawrence Wilson, and Shawna Gibson-Wilson's participation in the state court proceedings and the filing of a counterclaim do not constitute threats or intimidation under § 1985(2). Furthermore, Plaintiff's allegations regarding the existence of a conspiracy are wholly conclusory and are not entitled to an assumption of truth.

Title 42 U.S.C. § 1985(3) provides a private cause of action for the following conspiracies:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy.

To state a claim under § 1985(3), a Plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) Defendants' actions were motivated by racial animus or some other type of class-based discrimination. <u>United Bhd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. 825,

834-39 (1983).  Nothing in the complaint indicates that Defendants Lawrence Wilson, Shawna Gibson-Wilson, or Averyia Gibson were motivated by racial animus when  they allegedly entered his property and did damage to it.  As a result, Plaintiff's § 1985(3) claims against these Defendants are frivolous.

For these reasons, Plaintiff's federal claims are legally frivolous.  As a result, these claims are so patently meritless as to fail to confer jurisdiction on this Court, and Plaintiff's federal claims must be dismissed.

3.    State Law Claims

Because Plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed as well.  See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co.,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED** for lack of jurisdiction.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of July, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE